UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ELAINE McCANTS,              )
              Plaintiff,     )
                             )
              v.             )        C.A. No. 13-12505-JLT
                             )
DANIEL C. O'LEARY, et al.,   )
              Defendants.    )
```

MEMORANDUM AND ORDER

TAURO, S.J.

For the reasons set forth below, within 42 days of the date of this Memorandum and Order, plaintiff shall show cause why this action should not be dismissed, or in the alternative, she shall file an Amended Complaint curing the pleading deficiencies noted herein.  The summonses that were issued are rescinded and plaintiff is prohibited from attempting to effectuate service of process on defendants without further order of the Court.

BACKGROUND

On October 15, 2013, Plaintiff Elaine McCants, an inmate at the South Middlesex Correctional Center in Framingham, filed her-self prepared complaint against the Chief of Police, a police detective and three police officers for the Town of Brookline for the alleged violation of her constitutional rights.  At that time, plaintiff paid the $400 filing and administrative fees and the clerk issued summonses for service of the defendants.

DISCUSSION

I   Preliminary Screening

This Court is mandated by statute to screen plaintiff's

complaint pursuant to 28 U.S.C. § 1915A.  Section 1915A
authorizes review of prisoner complaints in civil actions in
which a prisoner seeks redress from a governmental entity, or
officers or employees of a governmental entity, and to dismiss
the action regardless of whether or not the plaintiff has paid
the filing fee, if the complaint lacks an arguable basis in law
or fact, fails to state a claim, or seeks relief from a defendant
immune from such relief. 28 U.S.C. § 1915A.

Rule 8(a) of the Federal Rules of Civil Procedure governs
the substance of a pleading, and requires a plaintiff to include
in the complaint, inter alia, "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  This statement must "give the defendant fair
notice of what the [plaintiff's] claim is and the grounds upon
which it rests,"  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,
1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
The statement must afford the defendant a "meaningful opportunity
to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d
119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage
Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also
Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev., 421 F.3d 1,
5 (1st Cir. 2005).  "[I]n a civil rights action ..., the
complaint should at least set forth minimal facts as to who did
what to whom, when, where, and why."  Educadores Puertorriqueños

2

en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Although "the requirements of Rule 8(a)(2) are minimal ...

minimal requirements are not tantamount to nonexistent

requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d

513, 514 (1st Cir. 1988)).

In connection with the preliminary screening, this Court

construes plaintiff's complaint generously. Hughes v. Rowe, 449

U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Haines v.

Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972);

Instituto de Educacion Universal Corp. v. U.S. Dept. of

Education, 209 F.3d 18, 23 (1 st Cir. 2000).  However, even under

a broad reading, plaintiff's claims are subject to dismissal for

the reasons set forth below.

II.  Plaintiff's Complaint is Subject to Dismissal

Section 1983 of Title 42 provides in relevant part that

"every person (emphasis added) who, under color of statute,

ordinance, regulation, custom or usage of any state . . .

subjects or causes to be subjected, any citizen of the United

States . . . through the deprivation of any rights, privileges or

immunities secured by the constitution and laws, shall be liable

to the party injured in an action at law, suit in equity or other

proper proceedings of redress."

Turning to the initial review of the complaint pursuant to

28 U.S.C. § 1915A, plaintiff alleges that Brookline Police

"department have no signed confession, no audio or video

recoding, and no set of Miranda warnings for confession they say

the plaintiff made while in custody that was the sole bases (sic)

of obtaining a search warrant." Compl., ¶ 35.

Plaintiff names Defendant Brookline Police Department in the

case caption of her complaint. However, the Brookline Police

Department is a subdivision of the municipality, Town of

Brookline, Massachusetts.  The Brookline Police Department is not

an entity subject to suit for alleged violations of the

plaintiff's civil rights. Cronin v. Town of Amesbury, 895

F.Supp. 375 (D. Mass. 1995) (granting summary judgment in favor

of town police department as not a proper defendant in 1983

action); Curran v. City of Boston, 777 F. Supp. 116 (D. Mass.

1991) (dismissing civil rights claims brought under 42 U.S.C. §

1983 against the Boston Police Department).

As to Police Chief O'Leary, named in the body of the

complaint but not the case caption, plaintiff alleges that he "is

legally responsible for the overall operation of the department."

Compl., ¶ 4.  As pled, the claims against defendant O'Leary are

not legally cognizable because respondeat superior is not a

viable theory of liability under 42 U.S.C. § 1983 (the vehicle

for asserting constitutional violations by state actors).  "It is

well-established that 'only those individuals who participated in

the conduct that deprived the plaintiff of his rights can be held

liable'" under § 1983.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).  Here, plaintiff has not set forth any factual basis for direct liability of the police chief.

As to detective Lacy, Plaintiff alleges that he "stated during the Grand Jury Indictement (sic), the reason stated for not audio video recording the plaintiffs statements was 'I just felt had I tooken (sic) her up to the room again for the video again, she may not have revealed where they were.'"  Compl., ¶ 31.  However, it is well settled that a witness, even a police officer, who gives perjured testimony before the grand jury or at a criminal trial is absolutely immune from later suit under 42 U.S.C. § 1983.  See Briscoe v. LaHue, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (§ 1983 does not authorize a convicted person to assert a damages claim against a police officer for giving perjured testimony at criminal trial); Kinkaide v. Eberle, 712 1023, 1023–24 (7th Cir. 1983) (applying Briscoe to grand jury witnesses). Therefore, plaintiff's claims

against defendant Lacy are subject to dismissal.

As to Officers Jennings, Avila, and O'Neil, plaintiff fails to allege that these three defendants had any personal involvement with the alleged violation of plaintiff's constitutional rights.  The claims in the complaint are primarily asserted collectively against the defendants (i.e. "the police") and it is virtually impossible to cull out the causes of action asserted against each of the defendants individually.  "A plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Here, plaintiff has not met the Rule 8(a) pleading requirements because the claims are primarily asserted collectively against the defendants and it is virtually impossible to cull out the causes of action asserted against each of the defendants separately.  Further, plaintiff makes bald assertions that the defendants violated her rights but she does not clearly link specific factual allegations of wrongdoing against each defendant.  Should plaintiff wish to proceed against Jennings, Avila and O'Neil, she must properly plead that they were personally involved with violating her constitutional rights.

III. The Summonses are Rescinded

6

When plaintiff paid the $400 administrative and filing fee, the Clerk erroneously issued summonses without first subjecting plaintiff's complaint to screening pursuant to Section 1915A. Because of this, the summonses are rescinded and plaintiff is prohibited from attempting to effectuate service of process on defendants.  If process has already been served, defendants shall not be obligated to file a responsive pleading without further order of the Court.

IV.   <u>Order to Show Cause or Amend Complaint</u>

In light of the foregoing, this action will be dismissed in 42 days unless plaintiff demonstrates good cause in writing why this action should not be dismissed, or, in the alternative, files an Amended Complaint which cures the pleading deficiencies noted herein.

Should Plaintiff decide to submit a proposed amended complaint, she must write the case number on the proposed amended complaint and sign it.  Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint.

Failure to comply with these directives or to provide a sufficient show cause response or Amended Complaint will result in dismissal of this action.

CONCLUSION

Based on the foregoing it is hereby Ordered that:

1.    Within 42 days of the date of this Memorandum and
      Order, plaintiff shall show cause why this action
      should not be dismissed pursuant to 28 U.S.C. § 1915A,
      or she shall file an amended complaint which cures the
      pleading deficiencies; and

2.    The summonses are rescinded and plaintiff is prohibited
      from attempting to effectuate service of process on
      defendants without further Order of the Court.

SO ORDERED.


 October 17, 2013                    /s/ Joseph L. Tauro
DATE                                JOSEPH L. TAURO
                                    UNITED STATES SENIOR JUDGE